UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MAIN, *et al.*,

        Plaintiffs,

v.

THE CHARTER TOWNSHIP
OF WEST BLOOMFIELD,

        Defendant.

_____/

Civil No. 26-cv-11455
Hon. Matthew F. Leitman

### ORDER (1) DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 4) TO THE EXTENT THAT IT SEEKS EX PARTE RELIEF AND (2) DIRECTING PLAINTIFFS TO SERVE MOTION AND NOTICE OF HEARING ON DEFENDANT

On May 1, 2026, Plaintiffs Andrew Main, Natalie Main, and their minor child A.M. filed this action against Defendant the Charter Township of West Bloomfield. (*See* Compl., ECF No. 1.)  Plaintiffs' claims arise out of their desire to build a fence around their home to protect A.M., who Plaintiffs say suffers from Attention-Deficit/Hyperactivity Disorder, Impulse Control Disorder, and Autism level 2. (*See id.* at ¶¶ 14-15, PageID.3.)  Plaintiffs assert that West Bloomfield has wrongly interfered with their ability to build their proposed fence and threatened to initiate criminal enforcement proceedings against them arising out of alleged code violations at their home. (*See generally, id.*)

1

On May 14, 2026, Plaintiffs filed a motion for an *ex parte* temporary restraining order. (*See* Mot., ECF No. 2.)  In that motion, Plaintiffs say that West Bloomfield has threatened to initiate criminal enforcement proceedings against them "as soon as May 26, 2026" based on alleged code violations at their home, and they say that West Bloomfield has actively "prevent[ed them] from curing the alleged violations." (*Id.*, PageID.98.)  Plaintiffs therefore ask the Court to enter an order "enjoining [West Bloomfield] from pursuing any enforcement action relating to [their home], including but not limited to a criminal enforcement action pursuant to [West Bloomfield Civil Code] § 1-10." (*Id.*, PageID.95.)  To the extent that Plaintiffs seek *ex parte* relief before their motion is served on West Bloomfield, the motion is **DENIED** because Plaintiffs have not shown an entitlement to *ex parte* relief.

Under Federal Rule of Civil Procedure 65(b)(1), a court may issue "a temporary restraining order without written or oral notice to the adverse party" only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) the moving party certifies "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b)(1)(A)-(B).

Plaintiffs certify in their motion that notice should be excused here because West Bloomfield "has indicated that [it] may pursue court action as soon as May 26,

2

2026," and Plaintiffs say that if West Bloomfield receives advanced notice of their motion, it "may prompt [West Bloomfield] to accelerate [those] enforcement proceedings." (Mot., ECF No. 4, PageID.122.)  The Court declines to issue *ex parte* relief on that basis.  Plaintiffs' belief that providing notice to West Bloomfield may cause the township to "accelerate" any planned enforcement action is purely speculative.    The Court is simply not persuaded that West Bloomfield will "accelerate" any planned enforcement actions against the Plaintiffs if Plaintiffs serve their motion on West Bloomfield.  Moreover, the Court is confident that it can address the issues raised in the motion, with West Bloomfield's participation, before the May 26, 2026, deadline.  Finally, Plaintiffs served West Bloomfield with their Complaint on May 11, 2026. (*See* Certificate of Service, ECF No. 5.)  Thus, West Bloomfield is likely already aware of this action.  Under these circumstances, Plaintiffs have not shown an entitlement to *ex parte* relief.  Their motion is therefore **DENIED** to the extent that it seeks relief on an *ex parte* basis.

In the alternative, Plaintiffs ask the Court to "set a status conference" so that a briefing schedule can be set on their motion. (Mot., ECF No. 4, PageID.122.)  The Court **GRANTS** that request.  The Court will hold that status conference, via the Zoom video conference platform, on **Friday, May 22, 2026, at 1:30 p.m.**  On Monday, May 18, 2026, the Court will issue a formal Notice of Hearing for the status conference and will also send the Zoom link information to Plaintiffs' counsel at that

3

time.   Once the Court issues its Notice of Hearing and provides the Zoom link information to Plaintiffs, Plaintiffs shall promptly (1) serve a copy of their motion, this order, the Notice of Hearing, and Zoom link information on West Bloomfield and (2) file a Certificate of Service with the Court that they have served West Bloomfield with those documents.   During that status conference, the Court will discuss next steps in this action.

 **IT IS SO ORDERED**.

        s/Matthew F. Leitman
        MATTHEW F. LEITMAN
Dated:  May 15, 2026    UNITED STATES DISTRICT JUDGE

 I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2026, by electronic means and/or ordinary mail.

        s/Holly A. Ryan
        Case Manager
        (313) 234-5126